IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY CHEMICAL COMPANY, INC., )<br>    Plaintiff, )<br>  v. )<br>   )<br>ROMACO AG, ROMACO N.V. and any )<br>successors-in-interest, ROMACO S.p.A. )<br>and any successors-in-interest, ROMACO )<br>S.r.l. and any successors-in-interest, )<br>UNIPAC and any successors-in-interest, )<br>and ROMACO INC., )<br>    Defendants. ) | CIVIL ACTION NO. 3:06-96<br><br>JUDGE KIM R. GIBSON |

## MEMORANDUM OPINION & ORDER

Now before the Court is Plaintiff's Motion to Strike Objections and to Compel Discovery (Document No. 87), as well as Defendants' Response thereto (Document No. 91). Plaintiff has served discovery requests on defendants Romaco Inc., Romaco S.r.l., and Romaco AG for documents pertaining to those entities' net worth, financial condition, and/or ability to pay punitive damages that may be awarded under the tort theories stated in the Amended Complaint. Defendants have objected to those requests on three bases: 1) the likelihood that the tort claims will be dismissed under Pennsylvania's gist-of-the-action doctrine; 2) the lack of *in personam* jurisdiction over any defendant except Romaco Inc.; and 3) Plaintiff's failure to demonstrate a real possibility that punitive damages are likely. Document No. 91, pp. 3-4.

The Court's previously expressed skepticism regarding the tort theories does not curb Plaintiff's right to broad discovery on the pending claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 2 L. Ed.

1

2d 80 (1957)). Furthermore, any interest in avoiding waste when there is a challenge to the Court's jurisdiction is highly attenuated at this relatively late procedural stage. Lastly, the Court finds that Plaintiff has met the obligations to which district courts in the Third Circuit hold those who propound discovery requests relating to punitive damages. A similar discovery dispute in this district led the court to conclude that "[m]erely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue." *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa. 1983). Courts in our companion district take a more generous approach to broad financial discovery: "The law is well settled that information regarding damages is as discoverable as information which pertains to liability. . . . [T]he weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a *prima facie* showing of punitive damages to justify the discovery." *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994). Under either of these standards, Plaintiff is entitled to the discovery it seeks. Even were the Court to follow the more stringent precedent, the factual and circumstantial allegations of the Amended Complaint establish a sufficient possibility that punitive damages may be forthcoming.

An appropriate Order follows.

AND NOW, this 11th day of April, 2007, upon consideration of Plaintiff Guy Chemical Co., Inc.'s Motion to Strike Objections and to Compel Discovery (Document No. 87), **IT IS HEREBY ORDERED** that the Motion is **GRANTED** in its entirety. Accordingly, the objections raised by Romaco S.r.l., Romaco Inc., and Frymakoruma AG f/k/a Romaco AG with respect to Guy Chemical Co., Inc.'s Request for Production seeking financial information concerning Defendants' ability to pay punitive damages are hereby stricken.

**IT IS FURTHER ORDERED** that **on or before April 26, 2007**, Defendants shall provide Guy Chemical Co., Inc. with documents responsive to Plaintiff's Request for Production, which seeks any documents reflecting Defendants' net worth, financial condition, and/or ability to pay punitive damages in the above-captioned action.

BY THE COURT:

*[signature]*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

**Cc: All counsel of record**