## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY CHEMICAL COMPANY, INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 3:06-96 |
| ROMACO AG, ROMACO N.V. and any ) | |
| successors-in-interest, ROMACO S.p.A. ) | |
| and any successors-in-interest, ROMACO ) | |
| S.r.l. and any successors-in-interest, ) | JUDGE KIM R. GIBSON |
| UNIPAC and any successors-in-interest, ) | |
| and ROMACO INC., ) | |
| Defendants. ) | |

### MEMORANDUM OPINION & ORDER

**Gibson, J.**

Now before the Court is the Verified Motion for Protective Order and Sanctions (Document No. 37) from Plaintiff Guy Chemical Company, Inc. (hereinafter "Guy Chemical" or "Plaintiff"), the Motion for Fees, Expenses and Sanctions (Document No. 54) from Defendant Romaco Inc. (hereinafter "Romaco" or "Defendant"), and Guy Chemical's Application for Reimbursement of Fees and Costs (Document No. 93). Because it writes only for the Parties' benefit, the Court will forego any recitation of the factual and procedural histories of this litigation, which are adequately set forth in the January 22, 2007, Memorandum Opinion and Order. Document No. 74. As the Court has already sanctioned Defendant for failing to provide an appropriate Rule 30(b)(6) witness (*id.*, pp. 16-19), it will first consider Plaintiff's application for fees and determine the appropriate monetary award. The Court will then consider the two pending motions for sanctions.

### I. Guy Chemical's Application for Reimbursement of Fees and Costs

As described in the Court's previous Memorandum Opinion, Defendant failed to comply with

1

the requirements of Fed. R. Civ. P. 30(b)(6) when it offered an unprepared and poorly informed spokesperson at Plaintiff's deposition of Romaco. Document No. 74, pp. 16-19. Pursuant to FED. R. CIV. P. 37(d), the Court therefore ordered Defendant to pay "the costs and expenses—including attorney fees—associated with [Guy Chemical's] Motion for Sanctions and with taking [a] second Rule 30(b)(6) deposition." *Id.* at 20. Plaintiff has now submitted an accounting verifying $11,696.00 in fees and $1,540.20 in costs. Document No. 93, ¶ 4. Specifically, Guy Chemical accounts for work done by three attorneys: Brian Must at a rate of $240.00 an hour; Matthew Collins at a rate of $180.00 an hour in 2007 and $165.00 an hour in 2006; and Bryan Seigworth at a rate of $135.00 an hour. Document No. 93, Exh. B. Must spent 2 hours traveling from Pittsburgh to Johnstown to attend the December 1 hearing before the Court. *Id.* Seigworth spent 2.4 hours researching caselaw on Rule 30(b)(6). *Id.* Collins spent 22.4 hours at his lower rate preparing the motion for sanctions; four hours at his lower rate preparing for and attending the December 1 hearing; and 36.2 hours at his higher rate preparing for and conducting the second Rule 30(b)(6) deposition. *Id.*

While Defendant concedes both the rates charged and costs accrued, it objects to the number of hours for which Plaintiff seeks compensation. Romaco first argues that because the second Rule 30(b)(6) deposition lasted approximately 10.8 hours, 25.4 hours represents an excessive amount of preparation for a deposition Plaintiff had already conducted once. Allowing that some preparation was necessary, Romaco suggests that ten hours is a more reasonable number. Document No. 102, pp. 2-4. Secondly, Defendant insists that 20.4 hours is an excessive amount of time to spend on a motion and brief that total fifteen pages, five of which simply recite deposition testimony; Romaco offers a more reasonable figure of 8 hours. *Id.* at 2. Third, Romaco claims that because it did not respond to Plaintiff's motion for sanctions until November 9, 2006, the time allegedly spent "reviewing responsive

2

motion filed by Romaco Inc." on November 2, 2006, must have focused on Defendant's November 1 response to an unrelated matter. *Id.* at 3. Lastly, Romaco argues that because the December 1 hearing addressed eight pending motions, it should only be responsible for one-eighth of the fees associated with Plaintiff's attendance. *Id.* at 4. Romaco claims that Plaintiff is entitled to no more that $5,841.75 in fees. *Id.* at 4.

The Court agrees that plaintiff could not have reviewed on November 2, 2006, a filing that was made on November 9, and accepts Defendant's argument that the 4.6 total hours billed on November 2 should therefore be divided by the number of tasks performed that day. Such reduction means Plaintiff would be entitled to reimbursement for 2.3 hours spent finalizing a three-page motion, a fifteen page memorandum of law, and various exhibits—a reasonable result. The Court also agrees that Defendant should be liable for no more than one eighth of the time spent preparing for and attending the December 1 hearing, as the motion to compel was only one of eight matters addressed that day.

The Court disagrees, however, that 25.4 hours represent excessive preparation for the second Rule 30(b)(6) deposition or that the motion for sanctions could not have reasonably consumed 20.4 hours. Although the brief supporting Plaintiff's motion may have included lengthy deposition quotes, each one necessitated the review of over a hundred pages of transcript. Beyond that, Plaintiff was required to research relevant caselaw, frame the legal issues, and prepare a legal brief with the requisite care. 20.4 hours is not an unreasonable amount of time for such a task. Similarly, the Court does not consider 25.4 hours an unreasonable amount of preparation for the second Rule 30(b)(6) deposition, which occurred almost six months after the failed initial Rule 30(b)(6) deposition. The extent of intervening time could quite reasonably necessitate a complete review of the record, as could the different identity of the second Rule 30 deponent.

3

Thus, the Court will calculate the extent of Defendant's liability with the following reductions from Plaintiff's Acounting: the 2 hours that attorney Must dedicated to the December 1 hearing is reduced to .25 hours; the 4 hours attorney Collins dedicated to that hearing is reduced to .5 hours; and the 4.6 hours that attorney Collins billed on November 2 is reduced to 2.3 hours. Accordingly, Romaco is liable for the following attorney fees:

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| Brian Must | .25 | $240.00 | $60.00 |
| Matthew Collins | 20.1 | $165.00 | $3,316.50 |
| Matthew Collins | 35.9 | $180.00 | $6,462.00 |
| Bryan Seigworth | 2.4 | $135.00 | $324.00 |

Guy Chemical is therefore entitled to $10,162.50 in fees and $1,540.20 in costs, a total of $11,702.70.

## II. Plaintiff's Verified Motion for Protective Order and Sanctions

Plaintiff's pending motion alleges that counsel for Romaco have engaged in at least three instances of *ex parte* communication with Guy Chemical President C. Guy Berkebile (hereinafter "Berkebile"). First, Plaintiff contends that Mark Manovich (hereinafter "Manovich"), in-house counsel for Romaco's parent company, telephoned Berkebile on May 18, 2006, to directly discuss the merits of this litigation and settlement options, despite knowing that Guy Chemical was represented by counsel. Document No. 37, ¶¶ 3-4. After Plaintiff's counsel, Metz Lewis, LLC, requested that all future communication be directed to its attention, Manovich sent carbon copies of a settlement letter to both Metz Lewis and Berkebile, constituting a second instance of *ex parte* contact. Document No. 37, Exh. B. Lastly, Plaintiff claims that during a Rule 30(b)(6) deposition of Berkebile, Romaco's outside counsel, Hull McGuire, PC, engaged in a third instance of impermissible *ex parte*

4

communication when

> [a]fter making certain that Guy Chemical's counsel had left the room and was out of
> earshot, [Hul McGuire] engaged Mr. Berkebile in a discussion concerning the merits
> of this lawsuit. . . . and [and] attempted to intimidate Mr. Berkebile by informing
> [him] that his decision to pursue this lawsuit would result in both Guy Chemical and
> Mr. Berkebile suffering substantial financial harm.

Document No. 37, ¶¶ 12, 14.

After receiving Metz Lewis' letter objecting to the "practice of discussing the merits of this case

with our clients outside of our presence," (*id.*, exh. C), Thomas Welshonce (hereinafter "Welshonce"),

an attorney with Hull McGuire, claimed that Berkebile "seemed interested in listening and even

initiating conversations . . .during the breaks. If you left or were momentarily out of the room during

one of those conversations . . . it's your problem." Document No. 37, Exh. D. Addressing Metz Lewis'

professionalism complaints, Welshonce composed the following response:

> I am tired of responding to these goofy "professionalism" letters and whiney
> comments to Judge Gibson that exalt form over substance, have nothing to do with
> the case, and leave both this litigation and, we might add, your client, out in the cold.
> Again, we ask you to "get a grip", and aggressively represent your client on the
> merits.  But do feel free to report us to Judge Gibson, the Governor, the Junior
> League, the Politeness-and-Tone Police, the American Film Institute or Kelly's Irish
> Times Saloon.  And if you are truly offended by our pace or aggression, get your
> client to a different law firm.  Okay?

*Id.* Plaintiff's motion therefore seeks a protective order prohibiting in-house and outside counsel for

Defendant "from engaging in any *ex parte* communications with offices and/or employees of Guy

Chemical, Inc. concerning any aspect or related topic of this lawsuit." *Id.* at ¶ 26.  The motion also

requests "appropriate sanctions upon Defendants' counsel that not only deter Defendants' counsel from

engaging in unprofessional conduct but also reimburse Guy Chemical for the filing of this Motion."

*Id.* Plaintiff's motion is verified by a sworn statement from Berkebile, who avows to the truth of the

5

statements therein. *Id.*, p. 6

In response, Hull McGuire asserts that its practice is to "aggressively push[] the case to trial on its merits, under the rules, and without complaining or commenting on the idiosyncrasies of the other side's case or the pathologies of opposing counsel." Document No. 52, pp. 1-2. Notwithstanding its supposed restraint, however, that firm apparently finds it necessary to note "the obsessive and personal sour-grapes animosity which apparently dominates every waking moment of Guy Chemical and its hopelessly deceitful, shrill and disorganized law firm, Metz Lewis LLC." *Id.* at 2. Defense counsel go on to compare Metz Lewis to "a ferret hit with an electric cattle prod," "Eddie Haskell . . . the specious brownnosing character from . . . Leave it to Beaver," and "'a gang of junkies trying to build a rocket ship to fly to the moon to check out a rumor that the craters are filled with smack.'" *Id.*; Document No. 53, pp. 1 n.1, 13 (quoting HUNTER S. THOMPSON, FEAR AND LOATHING: ON THE CAMPAIGN TRAIL '72 (Warner Books 1973)). Additionally, Romaco cites to Metz Lewis' internet activities as evidence of opposing counsel's "obsessive and personal sour-grapes animosity." Document No. 52, p. 2. Hull McGuire has similarly low regard for the merits of this lawsuit, which it considers "pathetic, beneath this Court, and a waste of Court and client resources." Document No. 53, p. 10 n.18.[1]

According to FED. R. CIV. P. 26(c), "for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Besides good cause, the movant must also certify that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without

---

[1] Hull McGuire also opposes Plaintiff's motion by attacking Berkebile's credibility with references to the Guy Chemical president's involvement in unrelated legal matters. Document No. 53, pp. 1-2. While the Court makes no finding on Berkebile's credibility, it notes that Defendant has admitted the *ex parte* communications in an October 6, 2006, letter to Collins, making its personal attacks on Berkebile irrelevant and disingenuous. Document No. 37, Exh. D.

court action." The propriety of a protective order is left to the Court's sound discretion. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

The Court takes some guidance from Pennsylvania Rule of Professional Conduct 4.2, which governs *ex parte* communication with represented parties and, pursuant to Local Rule 83.3.1(b), applies to litigants appearing before this Court.[2] However, the Court need not find an actual violation of Rule 4.2 before concluding that good cause exists under Rule 26(c). A protective order may issue if Guy Chemical demonstrates a particular need for one. *Pearson v. Miller*, 211 F.3d 57, 72-73 (3d Cir. 2000).

In the case *sub judice*, approximately one month after Metz Lewis filed the Complaint on Plaintiff's behalf, in-house counsel for Defendant's parent company telephoned Berkebile to discuss Guy Chemical's case. Manovich, an attorney bound to rules of ethics who was representing interests adverse to Plaintiff's, again communicated directly with Berkebile when he copied Berkebile on a written settlement offer. Later, Hull McGuire attorneys discussed the merits of this case with Berkebile in the absence of Plaintiff's counsel. While perhaps not the most egregious ethical breaches, these contacts nonetheless implicate the concerns that animate restrictions on *ex parte* communication. As Guy Chemical's president, Berkebile possessed the supervisory duties and powers to obligate that trigger the operation of Rule 4.2 in the corporate context. PA. R. PROF. COND. 4.2 cmt. 7 ("In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter."). Moreover, Rule 4.2 applies "even though the represented person initiates or consents to the communication. *Id.*, cmt. 3. That

---

[2] According to Rule 4.2, "In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter [without] consent of the other lawyer."

Berkebile may have himself initiated discussions outside the presence of his attorneys does not discharge Hull McGuire's obligation to adhere to the rules of professional conduct.

In all likelihood, the behavior of defense counsel probably demonstrates the good cause that Rule 26 requires. However, the Court will refrain from issuing any protective order at this time due to Plaintiff's failure to include the necessary certification with their motion. Although Guy Chemical did place on the record its written correspondence with Defendant (document no. 37, exhs. A - C), Rule 26 requires something more. *See* FED. R. CIV. P. 26(c) 1993 Advisory Committee Notes ("[B]efore filing a motion for a protective order the movant must confer—either in person or by telephone—with the other affected parties in a good faith effort to resolve the discovery dispute without the need for court intervention"); *Palumbo v. Shulman*, No. 97-4314, 1998 U.S. Dist. LEXIS 16009, at **5-6 (S.D.N.Y. Oct. 13, 1998) ("Letter writing does not comport with the requirement of Rule 26(c) that the movant confer or attempt to confer (that is, converse or attempt to converse), either in person or via telephone with the other affected parties . . . before seeking judicial intervention."). Nor will the Court issue any other sanction against Defendant on this matter. However, all counsel representing Defendant's interest are reminded of their ethical obligations and are advised that any future shortcoming will result in sanctions.

## III. Defendant's Motion for Fees, Expenses and Sanctions

In addition to feigned incredulity and sarcasm, Defendant also countered Plaintiff's motions for sanctions with its own request for fees, expenses, and sanctions, wherein Romaco claims that Plaintiff's "filing of the two motions for sanctions, and other unproductive if not silly maneuvers, have dramatically and unnecessarily increased the expense of this case." Document No. 54, ¶ 2. According to Defendant, because "Guy Chemical's actions are clearly a demonstration of its bad faith and its

8

inability or unwillingness to pursue the merits of this case, . . . sanctions are warranted against both Guy Chemical and its counsel." *Id.* at ¶ 3. As further support of Defendant's motion, Welshonce argued at the December 1, 2006 hearing on the matter that Guy Chemical has consistently misrepresented its damages, blatantly abused the discovery process, and engaged in dilatory and uncooperative conduct intended to amplify Defendant's costs of litigation. Document No. 68, pp. 70-75. Defendant believes itself entitled to the "fees and expenses incurred responding" to Guy Chemical's two motions for sanctions. Document No. 54, ¶ 4.

As this Memorandum Opinion demonstrates, of course, Guy Chemical's motion for sanctions and for a protective order were both quite reasonable, suggesting that Defendant's motion must fail; it would make little sense to sanction a party for having recovered sanctions. The only question therefore is whether Romaco's motion for sanctions constitutes the kind of bad faith of which it complains and merits sanctions pursuant to the Court's *sua sponte* motion.

In general, the Court is dismayed that Hull McGuire seems to have confused incivility with aggressiveness and replaced legal argument with vitriolic rhetoric. However attorneys may behave toward one another, the Court will enforce in all matters before it a level of professionalism that has not been fully present in this case. Moreover, defense counsel's unusual approach to this litigation, which evinces a preference for impertinence, has not simply offended Plaintiff's counsel, but also obscured the legal issues at stake. The Court cannot tolerate the insolence and delay that it detects in Romaco's motion for sanctions. While true that Plaintiff has amended its Complaint, added defendants, and complemented its contract action with tort claims, such procedural maneuvering is neither uncommon nor *prima facie* evidence of bad faith. Whereas Plaintiff's motions have appended legal argument to undisputed factual matters, Defendant can do little more than complain about "unproductive if not silly

9

maneuvers." Document No. 54, p.1. While Hull McGuire's presentation at the hearing on its motion did refer to more specific instances of Metz Lewis' alleged bad faith, the Court finds that defense counsel neither made a persuasive case for sanctions nor dispelled the impression that their motivation is founded primarily on spite. Accordingly, under 28 U.S.C. § 1927, Plaintiff is entitled to the expenses it has incurred responding to Defendant's motion for sanctions.[3]

## IV. Conclusion

For the foregoing reasons, the Court concludes that, pursuant to the Court's January 22, 2007, Order granting Plaintiff's motion for sanctions, Hull McGuire is liable to Plaintiff for $11,702.70 in costs and fees. Furthermore, while the Court will deny Plaintiff's motion for a protective order and for sanctions, as well as Romaco's motion for fees, expenses, and sanctions, it will sanction Hull McGuire the costs and fees associated with Plaintiff's opposition to Romaco's Motion for Fees, Expenses and Sanctions (Document No. 54), under the authority of 28 U.S.C. § 1927.

An appropriate Order follows.

---

[3] Section 1927 states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

10

**AND NOW**, this 1st day of May, 2007, **IT IS HEREBY ORDERED** as follows:

1) Counsel for Defendant Romaco, Inc., Hull McGuire PC, shall remit to Metz Lewis LLC, counsel for Plaintiff Guy Chemical Company, Inc., payment in the amount of $11,702.70 **on or before May 15, 2007**;

2) Plaintiff's Motion for a Protective Order and Sanctions (Document No. 37) is **DENIED** in its entirety;

3) Defendant's Motion for Fees, Expenses and Sanctions (Document No. 54) is **DENIED**; **AND**

4) **On or before May 11, 2007,** Plaintiff shall file with the Court the appropriate documentation verifying the costs and expenses—including attorney's fees—associated with its opposition to Defendant's Motion for Fees, Expenses and Sanctions (Document No. 54). Counsel for Defendants may file objections to that accounting within one week of its filing and will be responsible for reimbursing all fees and costs, as the Court finds appropriate.

**BY THE COURT:**

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

**Cc: All counsel of record**

11